

# NUMBER 13-11-00595-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LAWRENCE BENNY BROWN JR.,                                          Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

## On appeal from the 24th District Court of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Chief Justice Valdez

Appellant, Lawrence Benny Brown Jr., raises two issues in his appeal from a life sentence for a conviction for the first-degree felony offense of possession with intent to deliver a controlled substance (specifically, cocaine) in an amount, including adulterants and dilutants, greater than or equal to 4 grams but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2010); TEX. PENAL CODE ANN. § 12.32 (West 2011). We affirm.

## I. BACKGROUND

Appellant pleaded guilty without a plea agreement, and the trial court accepted the plea. During the punishment hearing, the State offered evidence of an extraneous offense, which appellant allegedly committed while he was out on bond pending trial in the instant matter. The extraneous offense, which the trial court found to be true beyond a reasonable doubt, involved appellant firing a number of gunshots into a home where his estranged wife was staying with several other individuals, including a child. In assessing punishment, the trial court told appellant: "I admire you for owning up and pleading guilty, but I have to determine the appropriate punishment in this case to be life in the state penitentiary."

## II. ANALYSIS

### A. Legal Sufficiency of the Evidence

In its first issue, appellant challenges the legal and factual sufficiency of the evidence to support his conviction.[1]

### 1. Standard of Review

Under the *Jackson* standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 899-99 (Tex. Crim. App. 2010) (plurality op.) (characterizing the *Jackson* standard as: "Considering

---

[1] Having concluded that "no meaningful distinction" exists between a factual-sufficiency and legal-sufficiency standard, the court of criminal appeals has held that the *Jackson* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 893-903 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Accordingly, we address appellant's legal and factual sufficiency challenges as one challenge under the *Jackson* standard.

all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt"). The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony. *Anderson v. State*, 322 S.W.3d 401, 405 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008)). Reconciliation of conflicts in the evidence is within the fact-finder's exclusive province. *Id.* (citing *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000)). We must resolve any inconsistencies in the testimony in favor of the verdict. *Id.* (citing *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)).

In reviewing the legal sufficiency of the evidence, we look at events occurring before, during, and after the commission of the offense, and we may rely on actions of the appellant that show an understanding and common design to do the prohibited act. *See Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). Each fact need not point directly and independently to the appellant's guilt, so long as the cumulative effect of all the incriminating facts is sufficient to support the conviction. *Id.*

We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Coleman v. State*, 131 S.W.3d 303, 307 (Tex. App.—Corpus Christi 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (quoting *Malik*, 953 S.W.2d at 240).

3

**2.    Applicable Law**

Under Texas law, a defendant's guilty plea does not prove up the guilt of the defendant where the jury has been waived.  *Brink v. State*, 78 S.W.3d 478, 484 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).  Accordingly, questions regarding both the sufficiency and admissibility of the State's evidence remain at issue after the plea.  *Id*. The State can satisfy its burden of proof and support the plea in various ways.  The two chief methods of supporting a plea are by the introduction of (1) stipulated evidence or (2) a judicial confession.  *Id*.

**3.    Discussion**

Under a hypothetically correct jury charge, the State was required to prove that appellant possessed with intent to deliver a controlled substance (specifically, cocaine) in an amount, including adulterants and dilutants, greater than or equal to 4 grams but less than 200 grams.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d). Appellant contends that the State failed to meet this burden because the only evidence proved appellant possessed cocaine in the amount of 0.47 grams.  In making this argument, appellant relies on the following exchange, which occurred during trial, in which there was no mention of the adulterants and dilutants contained in the substance:

> [The State]:  And do you, further, agree and stipulate, if Amy Arellano, with the Department of Public Safety were called to testify truthfully, under oath, that the substance contained cocaine of 0.47 grams?
>
> [Appellant]:  Yes, sir.

Although appellant contends that the foregoing is the only evidence of his guilt, the record also includes the following stipulations:

4

[The State]: [D]o you, [appellant], along with your attorney, agree and stipulate if Jason Stover, with the Victoria Police Department, were called to testify, he would testify truthfully and under oath that you, [appellant], on or about the 10th day of October, 2009, in the County of Victoria and State of Texas, you did then and there knowingly possess, with intent to deliver, a controlled substance, namely, cocaine, including adulterants and dilutants, in an amount of four grams or more but less than 200 grams? Do you agree and stipulate that that would be his testimony?

[Appellant]: Yes, sir.

. . .

[The State]: Do you, further, agree and stipulate all acts and allegations contained in count one . . . are true and correct?

[Appellant]: Yes, sir.

We conclude that the foregoing evidence is sufficient to establish the essential elements of the offense. Accordingly, appellant's first issue is overruled.

## B. Punishment Outside Statutory Range

In his second issue, appellant incorporates his first issue and contends that his life sentence is void because it exceeds the statutory range of punishment (180 days to two years) for possession of less than one gram of a controlled substance, a state jail felony offense. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(b); TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2011). We have considered and overruled appellant's first issue and our disposition of appellant's first issue renders the complaint raised in his second issue moot. We note that the punishment assessed by the trial court is within the punishment range for a first-degree felony offense. *See* TEX. PENAL CODE ANN. § 12.32. Accordingly, appellant's second issue is overruled.

## III. CONCLUSION

The judgment of the trial court is affirmed.

                                               _____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
21st day of August, 2012.